LESLIE MARKS
3099 SUTER STREET
OAKLAND, CA 94602

TEL: 510/434-9748
FAX: 866/813-8313

FILED LM

2011 APR 28 PM 1:45

U.S. BANKRUPTCY COURT
NORTHERN DIST. OF CA.
OAKLAND, CA.

# IN THE UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA

IN RE: ) CASE NO. 11-43140
)
LESLIE PATRICE BARNES MARKS ) CHAPTER 13
)
       Debtor. ) **RELATED CASES:**
) USBC DELAWARE: 09-50244; 07-10416
) 9TH CIR. COURT OF APPEAL: 10-16811;
) 10-16799 AND 10-17811
) ACSC CASE NOS:
) CASE NO: RG10545629 AND RG10546852
)
) DECLARATION OF LESLIE MARKS
) IN SUPPORT OF OPPOSITION TO
) MOTION TO ANNUL AUTOMATIC
) STAY
_____ )

     I, Leslie Marks, declare:

    1.    I am the Debtor in the above-entitled action. I have personal knowledge of the matters set forth within and can competently testify thereto if called upon to do so.

    2.    On or about April 26, 2011 I received the Motion to Annul the Automatic Stay served by mail. This service is defective in that it does not allow for the response time under the Federal Rules of Civil Procedure. Furthermore more there is no notice that is an emergency notice or any other evidence to expedite the hearing as set.

    3.    Attached hereto as Exhibit A is the Notice of Default recorded on May 21, 2011

-1-

prior. No assignment or substation of Trustee is recorded prior to this date. The Assignment is signed by a representative of GreenTree and not the Delaware Bankruptcy Trustee, as Home 123 is in active bankruptcy in Delaware currently. The Substitution is also signed by a representative of GreenTree. These documents also reference a loan to which Marks has no obligation and is not related to the 2006 Deed of Trust.

4.      Attached hereto as Exhibit B is a true and correct copy of the 2007 Lis Pendens which remains recorded and is not expunge.

5.      Attached hereto as Exhibit C is a true and correct copy of correspondence from New Century showing status of Marks loan, the loan number and the cover page of the 2006 Deed of Trust reflecting the current loan number.

6.      Attached hereto as Exhibit D is a true and correct copy of the Trustee's Deed upon sale which reflects a loan to which Marks has no obligation and is not related to the 2006 Deed of Trust.

7.      Attached hereto as Exhibit E is a true and correct copy of the handwritten receipt.

8.      Attached hereto as Exhibit F is a true and correct copy of correspondence evidencing Mr. Eikenberry's attempt to manipulate the Delaware hearing.

9.      Attached hereto as Exhibit G is a true and correct copy of the Blanket Relief from Stay Order issued by the Delaware Court in 2008. Marks was not made aware of this order, even though her California case was pending at the time. Marks recently discovered this order in March 2011 as a result of a hearing in a Hawaii case, attached hereto for the court's convenience. Perhaps these subsequent litigations could have been avoided had New Century acted in good faith and provided Marks with this order. Her California case was pending at that time and New Century should have been brought in to resolve issues.

10.      Attached hereto as Exhibit H is a true and correct copy of a recent Memorandum of Decision which closely mirror's Marks case. In re Salazar, USBC SDC Case No. 10-17456.

11.      Attached hereto as Exhibit I are true and correct copies of other relevant evidence to this case. First a pleading filed by Les Zieve on behalf of Home 123, which is in active BK in

-2-

Delaware – this document is fraudulent on its face. Exhibit I-2 is a copy of correspondence from GreenTree depicting a loan number which is not related to Marks deed of trust, and is not even the same loan number reflected on the foreclosing documents. Furthermore, as you can see, GreenTree could have expunged the lis pendens and recorded its assignments in 2009 had it had the legal or lawful right to do so. Exhibit I-2 is evidence Ocwen claims to transfer to GreenTree. There is no recorded documents evidencing this transfer. Exhibit I-3 is a copy of the Proof of Claim filed by Ocwen, which claimed to be only a "servicer" in the Illston Court. Only the Lender can file a Proof of claim, the law is clear. Exhibit I-4 is the current status of former New Century Employee Tom Chicoine. Exhibit I-5 copies of envelopes that contained documents sent by Mr. Eikenberry in violation of the automatic stay.

12.     Attached hereto as Exhibit AA through AA-7 are true and correct copies of the index from the Alameda Country Recorder's office showing that TRA has purchased over 60 properties in Alameda County. This document also reflects that TRA is listed itself as a lender, Trenor Asknew has recorded himself as a Trustee.

13.     TRA has caused me and my family monetary loss by simply refusing to obtain relief from Fidelity or GreenTree, whatever entity it purchased a property with clouded title, based upon fraudulent documents which are fraudulent on its face. I have had to not only battle the banks but now an investor who has no standing whatsoever to proceed against me. I am seeking reimbursement for all costs relating to the unlawful detainer trial and to defend my position against TRA and Trenor Asknew.

I declare under penalty of perjury, under the laws of the state of California, that the foregoing is true and correct and executed on this 28THst day of April at Oakland, California.

_____
LESLIE MARKS

-3-

Recording Requested By
Lawyers Title Company
and When Recorded Mail to:

Default Resolution Network
17592 E. 17th Street, Suite 300
Tustin, CA 92780

2010148302    05/21/2010 03:42 PM
OFFICIAL RECORDS OF ALAMEDA COUNTY
PATRICK O'CONNELL
RECORDING FEE:    21.00

2 PGS

---

Trustee Sale No: 10-09236-6.   Order No. 5802497
Loan No: 89655256

## NOTICE OF DEFAULT AND ELECTION TO SELL UNDER DEED OF TRUST

## IMPORTANT NOTICE

**IF YOUR PROPERTY IS IN FORECLOSURE BECAUSE YOU ARE BEHIND IN YOUR PAYMENTS, IT MAY BE SOLD WITHOUT ANY COURT ACTION,** and you may have the legal right to bring your account in good standing by paying all of your past due payments plus permitted costs and expenses within the time permitted by law for reinstatement of your account, which is normally five business days prior to the date set for the sale of your property.  No sale date may be set until three months from the date this notice of default may be recorded (which date of recordation appears on this notice).

This amount is $176,432.90 as of May 19, 2010, and will increase until your account becomes current.

While your property is in foreclosure, you still must pay other obligations (such as insurance and taxes) required by your note and deed of trust or mortgage.  If you fail to make future payments on the loan, pay taxes on the property, provide insurance on the property, or pay other obligations as required in the note and deed of trust or mortgage, the beneficiary or mortgagee may insist that you do so in order to reinstate your account in good standing.  In addition, the beneficiary or mortgagee may require as a condition to reinstatement that you provide reliable written evidence that you paid all senior liens, property taxes, and hazard insurance premiums.

Upon your written request, the beneficiary or mortgagee will give you a written itemization of the entire amount you must pay.  You may not have to pay the entire unpaid portion of your account, even though full payment was demanded, but you must pay all amounts in default at the time payment is made.  However, you and your beneficiary or mortgagee may mutually agree in writing prior to the time the notice of sale is posted (which may not be earlier than the end of the three-month period stated above) to, among other things, (1) provide additional time in which to cure the default by transfer of the property or otherwise; or (2) establish a schedule of payments in order to cure your default; or both (1) and (2).

Following the expiration of the time period referred to in the first paragraph of this notice, unless the obligation being foreclosed upon or a separate written agreement between you and your creditor permits a longer period, you have only the legal right to stop the sale of your property by paying the entire amount demanded by your creditor.

To find out the amount you must pay, or to arrange for payment to stop the foreclosure, or if your property is in foreclosure for any other reason, contact :

EXHIBIT A

**GREEN TREE SERVICING, LLC (MANUFACTURED HOUSING DIVISION)**
c/o Default Resolution Network
17592 E. 17th Street, Suite 300
Tustin, CA  92780
Phone: 714-508-5100 REF# 10-09236-6 .

If you have any questions, you should contact a lawyer or the governmental agency which may have insured your loan. Notwithstanding the fact that your property is in foreclosure, you may offer your property for sale, provided the sale is concluded prior to the conclusion of the foreclosure.

**REMEMBER, YOU MAY LOSE LEGAL RIGHTS IF YOU DO NOT TAKE PROMPT ACTION. NOTICE IS HEREBY GIVEN THAT:** Default has been declared under a Deed of Trust dated as of March 24, 2006, executed by LESLIE BARNES MARKS, AN UNMARRIED WOMAN, as trustor, to secure obligations in favor of HOME123 CORPORATION, as Beneficiary, recorded March 30, 2006, as Instrument No. 2006122637 of the Official Records in the office of the Recorder of Alameda County, California, and is subject to the terms and conditions contained therein and that

The Deed of Trust encumbers certain property more particularly described therein (the "Trust Property"), and that

The Deed of Trust secures the  payment of and the performance of certain obligations, including but not limited to, the obligations set forth in a promissory note(s) with a face amount of $495,000.00, and that

A breach of, and default in, the obligations for which said Deed of Trust is security has occurred in that the trustor has failed to perform obligations pursuant to or under the Note and/or the Deed of Trust, specifically: failed to pay payments which became due;  together with late charges due; together with other fees and expenses incurred by the Beneficiary; and that

By reason thereof, the present beneficiary under such Deed of Trust, has delivered to said Trustee a Declaration and Demand for Sale, and has deposited with said duly appointed Trustee such Deed of Trust and all documents evidencing the obligations secured thereby, and has declared and does hereby declare all sums secured thereby immediately due and payable and has elected and does hereby elect to cause the Trust Property to be sold to satisfy the obligations secured thereby.

The mortgagee, beneficiary or authorized agent for the mortgagee or beneficiary pursuant to California Civil Code § 2923.5(c) declares that the mortgagee, beneficiary or the mortgagee's or beneficiary's authorized agent has either contacted the borrower or tried with due diligence to contact the borrower as required by California Civil Code § 2923.5.

Date: May 21, 2010

Default Resolution Network
Agent for the Beneficiary
By: Lawyers Title Company, as Agent
By:  SPL Inc., as Agent

By: _____

EXHIBIT A-1

RECORDING REQUESTED BY
**LAWYERS TITLE COMPANY**

AND WHEN RECORDED MAIL TO
Fidelity National Title Company
17592 E. 17th Street, Suite 300
Tustin , CA 92780



2010242300          08/23/2010 08:59 AM
OFFICIAL RECORDS OF ALAMEDA COUNTY
PATRICK O'CONNELL
RECORDING FEE:          21.00



2    PGS

Trustee Sale No. 10-09236-6

Space above this line for recorder's use only
Loan No. 89655256

### SUBSTITUTION OF TRUSTEE
Affidavit attached

**WHEREAS**, LESLIE BARNES MARKS, AN UNMARRIED WOMAN, was the original Trustor, NORTH AMERICAN TITLE, was the original Trustee, and HOME123 CORPORATION, was the original Beneficiary under that certain Deed of Trust dated March 24, 2006, and recorded March 30, 2006 as Instrument Number 2006122537 of Official Records in the Office of the Recorder of Alameda County, California;

**WHEREAS**, the undersigned current Beneficiary of the Deed of Trust desires to substitute a new Trustee under said Deed of Trust;

**Now, THEREFORE**, the undersigned hereby substitutes **Fidelity National Title Company**, whose address is 17592 E. 17th Street, Suite 300, Tustin, CA 92780, as Trustee under said Deed of Trust.

*see affidavit attached*

DATE: ____6/23/2010____

By: Green Tree Servicing LLC

By: _____
        Josh Degnan /Authorized Signer
STATE OF ___Minnesota___
COUNTY OF ___Ramsey___

On _6/23/2010_ before me, _Delores E. Kargleder_, a Notary Public, personally appeared _Josh Degnau_, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of _Minnesota_ that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____

Delores E. Kargleder
NOTARY PUBLIC
(Seal) State of Minnesota
My Commission Expires 1-31-2015

EXHIBIT A-2

RECORDING REQUESTED BY

**LAWYERS TITLE COMPANY**

AND WHEN RECORDED MAIL TO

GREEN TREE SERVICING, LLC
(MANUFACTURED HOUSING DIVISION)
33600 6TH AVE. S., SUITE 220
FEDERAL WAY, WA 98003



2010242299
08/23/2010 08:59 AM
OFFICIAL RECORDS OF ALAMEDA COUNTY
PATRICK O'CONNELL
RECORDING FEE:
18.00

1    PG

Space above this line for recorder's use only

Trustee Sale No.10-09236-6 .    Loan No. 89655256    Title Order No. 5802497

### ASSIGNMENT OF DEED OF TRUST

FOR VALUE RECEIVED, the undersigned hereby grants, assigns and transfers to Green Tree Servicing LLC all beneficial interest under that certain Deed of Trust dated as of March 24, 2006 executed by LESLIE BARNES MARKS, AN UNMARRIED WOMAN, as Trustor; to NORTH AMERICAN TITLE, as Trustee; and Recorded on March 30, 2006 with recorder's reference  2006122537 of official records in the Office of the Recorder of Alameda County, California.

TOGETHER with the note or notes therein described and secured thereby, the money due and to become due thereon, with interest, and all rights accrued or to accrue under said Deed of Trust including the right to have reconveyed, in whole or in part, the real property described therein.

DATE:  6/23/2010

**Home123 Corporation, a California Corporation**

By: _____
Josh Degneau  Authorized signer

STATE OF:  Minnesota

COUNTY OF: Ramsey

On 6/23/2010 before me, Delores E. Kargleder , Notary Public,
personally appeared Josh Degneau who proved to me on the basis
of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and
acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by
his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted,
executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of  Minnesota  a that the foregoing
paragraph is true and correct.

WITNESS my hand and official seal.

_____
Notary Signature

Delores E. Kargleder
NOTARY PUBLIC
State of Minnesota
My Commission Expires 1-31-2015

EXHIBIT D-1
A-3

Leslie Marks
3099 Suter Street
Oakland, CA 94602

FILED

MAY X 3 2007

RICHARD W. WIEKING
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

**COPY** of Document Recorded
on MAY 8 2007
as No. 2007179382
Has not been compared with Original.
ALAMEDA COUNTY RECORDER

SPACE ABOVE THIS LINE FOR RECORDER'S USE

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LESLIE MARKS, In Pro Per, | ) CASE NO.  C07 2133 SI |
| | ) |
| Plaintiff, | ) RELATED CASES: |
| | ) UNITED STATES DISTRICT COURT |
| v. | ) CASE NO:  06-06806 SI |
| | ) |
| OCWEN FINANCIAL CORPORATION, | ) UNITED STATES BANKRUPTCY COURT |
| OCWEN LOAN SERVICING, DB | ) DISTRICT OF DELAWARE  CHAPTER 11 |
| STRUCTURED PRODUCTS, INC. and DOES, | ) CASE NOS:  07-104-16 KJC, JOINTLY |
| 1-100, | ) ADMINISTERED |
| | ) |
| Defendants. | ) **AMENDED LIS PENDENS** |
| | ) [CCP SECTION 405.20] |
| | ) |
| | ) Original Complaint filed |
| | ) In State Court: July 28, 2006 |

Notice is given that the above-entitled action was filed in the above-entitled court on April 17, 2007 by Leslie Barnes Marks, plaintiff, against OCWEN LOAN SERVICING, LLC AND DB STRUCTURED PRODUCTS, INC. The action affects title to specific real property or the right to possession of specific real property identified in the complaint in the above-entitled action.



1
LIS PENDENS

The specific real property affected by the action is located in Alameda County, California, commonly known as 3099 Suter Street and the land referred to is situated in the State of California, County of Alameda, City of Oakland, and is described as follows:

A portion of Lots 10, 11 and 12, in Block K, of "Oakland Highlands, 1912", filed April 12, 1912, in Map Book 26, Page 79, Alameda County Records, described as follows:

Beginning at the point of intersection of the Southwestern line of Suter, formerly Main Street; with the Northwestern line of Curran Avenue, as said street and avenue are shown on the map herein referred to; running thence Northwesterly along said line of Suter, formerly Main Street, 40 feet; thence at right angles Southwesterly 100 feet; thence at right angles Southeasterly 40 feet to the Northwester line of Curran Avenue; thence Northeasterly along said line of Curran Avenue, 100 feet to the point of the beginning. (Being APN 218-927-6)

Dated: May 8, 2007

Leslie Marks, In Pro Se

## ORDER

The Complaint in this action has been read and on its face contains a claim with would affect title to real property. By approving the recording of this Lis Pendens, this Court does not determine the probable validity of the claim or whether the claim has merit. This claim may be subject to expungement as provided by law. Recording of this Lis Pendens is **Approved, CCP** *405.21.*

Dated: May 8, 2007

Honorable Susan Illston
Judge of the United States District Court,
Northern District of California

I hereby certify that the annexed instrument is a true and correct copy of the original on file in my office.
ATTEST:
RICHARD W. WIEKING
Clerk, U.S. District Court
Northern District of California
By
Deputy Clerk
Date 5/8/07

EXHIBIT B-1

2
LIS PENDENS

*Marks v Ocwen*, et al.
USDC NDC Case No.: C07 2133 SI

## PROOF OF SERVICE via CERTIFIED MAIL

I declare that:

I am a citizen of the United States, employed in the County of Alameda, California, over the age of eighteen years, and not a party to the within cause. I am reside in Alameda County, California, 94602. I am not a certified process server. On May 8, 2007, I served the within:

### NOTICE OF PENDENCY OF ACTION

**To the following parties and/or interested parties:**

Agent for Service of Process for DB Structured Products, Inc.:
**CERT # 7006 2760 0004 0865 8386**
CT Corporation System
818 W 7th Street
Los Angeles, CA 90017

Agent for Service of Process for OCWEN:
**CERT# 7006 2760 0004 0865 8393**
CSC Lawyers Incorporating
2730 Gateway Oaks Drive #100
Sacramento, CA 95833

**CERT# 7006 2760 0004 0865 8409**
US Trustee
United States Trustee
844 King Street, Room 2207
Lockbox #35
Wilmington, DE 19899-0035

**CERT # 7006 2760 0004 0865 8416**
Mark D. Collins
Chun I. Jang
Michael Joseph Merchant
Richards, Layton & Finger, P.A.
920 North King Street
Wilmington, DE 19899

**CERT# 7006 2760 0004 0865 8423**
Timothy P. Carins
Pachulski Stang Ziehl Young Jones
919 N. Market Street, 17th Floor
Wilmington, DE 19801

**CERT# 7006 2760 0004 0865 8430**
Ben H. Logan
Suzanne S. Uhland
Austin K. Baron
Emily R. Culler
O'Melveny & Meyers LLP
275 Battery Street
San Francisco, California 94111

**CERT# 7006 2760 0004 0866 0174**
Brian H. Gunn
WOLFE & WYMAN LLP
2175 N. California Blvd., Suite 415
Walnut Creek, California 94596-3579

**CERT# 7006 2760 0004 0865 8157**
Clerk of the Court
United States Bankruptcy Court
District of Delaware
824 North Market Street, 3rd Floor
Wilmington, Delaware, 19801

EXHIBIT B-2

 **X**   **BY CERTIFIED MAIL RETURN RECEIPT REQUESTED:** on the parties in said cause, by placing a true and correct copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Francisco, California, addressed as follows:

I certify and declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on May 8, 2007, at San Francisco, California.

_____

Gina Moore

EXHIBIT B-3

**NEW CENTURY**℠

**New Century Liquidating Trust**
575 Anton Boulevard, 3rd Floor, Suite 46
Costa Mesa, CA 92626
(714) 432-6576 • Fax (714) 432-6490

August 24, 2010

Experian
Attn: Experian Consumer Assistance
701 Experian Parkway
Allen, TX 75013
(888) 397-3742

Equifax Credit Information Services, Inc
PO Box 740241
Atlanta, GA 30374
(800) 888-4213

TransUnion
Attn: TransUnion Consumer Solutions
PO Box 2000
Chester, PA 19022-2000
(800) 916-8800

Innovis
Attn: Consumer Assistance
PO Box 1534
Columbus, Ohio 43216-1534
(800) 540-2505

> **RE:    Leslie Barnes Marks - Debt previously reported by Home123
> Corporation- Loan Number 1006788513**

Dear Sir/Madam:

This letter is sent in regard to consumer, Leslie Barnes Marks, regarding an obligation previously reported as owing by Home123 Corporation in 2006-07, which requires correction.

Please be advised that on April 2, 2007 (the "Petition Date"), New Century TRS Holdings, Inc., and certain of its affiliated entities, including Home123 Corporation (collectively, the "Debtors"), filed chapter 11 bankruptcy petitions in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"), which cases are jointly administered as Case No. 07-10416.

On November 20, 2009 the Bankruptcy Court entered an Order Confirming the Modified Plan of Liquidation (the "Plan"). Pursuant to the Plan's terms, the New Century Liquidating Trust (the "Trust") was created and Alan M. Jacobs was appointed as Liquidating Trustee.

871230/003-1914615.1

EXHIBIT

# EXHIBIT "A"

All that certain real property situated in the County of Alameda, State of California, described as follows:

(City of Oakland)

Portion of Lots 10, 11 and 12, in Block K, of "Oakland Highlands, 1512", filed April 12, 1912, in Map Book 26, Page 79, Alameda County Records, described as follows:

Beginning at the point of intersection of the Southwestern line of Suter, formerly Maine Street, with the Northwestern line of Curran Avenue, as said street and avenue are shown on the Map herein referred to; running thence Northwesterly along said line of Suter, formerly Maine Street, 60 feet; thence at right angles Southwesterly 100 feet; thence at right angles Southeasterly 40 feet to the Northwestern line of Curran Avenue; thence Northeasterly along said line of Curran Avenue 100 feet to the pint of beginning.

**Note:** For information purposes only, the purported street address of said land as determined from the latest County Assessor's Roll is:

   3099 Suter Street, Oakland, California

The Assessor's Parcel Number, as determined from the latest County Assessor's Roll is:

   028-0927-006

An inspection of said land has not been made, and no assurances are hereby given or implied as to the location of the land herein described.

CLTA Guarantee Form No. 22 (Revised 05-27-09)                                              Page 2

23

Recording Requested By:
Home123 Corporation

Return To:

Home123 Corporation
3351 Michelson Drive,
Ste 400
Irvine, CA 92612

Prepared By:
Home123 Corporation
3351 Michelson Drive,
Ste 400
Irvine, CA 92612

2006122537    03/30/2006 08:30 AM
OFFICIAL RECORDS OF ALAMEDA COUNTY
PATRICK O'CONNELL
RECORDING FEE:    70.00

21  PGS

56610461

——————[Space Above This Line For Recording Data]——————

# DEED OF TRUST

## DEFINITIONS

Words used in multiple sections of this document are defined below and other words are defined in Sections 3, 11, 13, 18, 20 and 21. Certain rules regarding the usage of words used in this document are also provided in Section 16.

(A) "Security Instrument" means this document, which is dated March 24, 2006 together with all Riders to this document.
(B) "Borrower" is Leslie Barnes Marks,  An Unmarried Woman

Borrower's address is 3099 Suter Street , Oakland, CA 94602
. Borrower is the trustor under this Security Instrument.

(C) "Lender" is Home123 Corporation

Lender is a Corporation
organized and existing under the laws of California

1006788513

CALIFORNIA-Single Family-Fannie Mae/Freddie Mac UNIFORM INSTRUMENT          Form 3005 1/01

-6(CA) (0207)
Page 1 of 15          Initial

VMP MORTGAGE FORMS - (800)521-7291

EXHIBIT   B   C

The Trust's records reveal that during 2006, Leslie Barnes Marks obtained Loan Number 1006788513 ("Loan") from Home123 Corporation. The Trust has learned that the Loan was reported to one or more credit reporting agencies as being in default during the time that the Debtors owned and/or serviced the Loan. However, the Trust's records indicate that the Debtors no longer own this Loan as the Loan was transferred to a third party as of March 30, 2007.

Accordingly, Leslie Barnes Marks does not owe the Debtors, including Home123 Corporation, or the Trust any monies on account of the Loan. Please delete any entry in Ms. Marks's credit report indicating otherwise.

Very truly yours,

Diane Denney

Diane Denney

CC:     Ms. Leslie Marks
3099 Suter Street
Oakland, CA 94602-2840

Mark S. Indelicato, Esq.
Hahn & Hessen
488 Madison Avenue
New York, NY 10022

RECORDING REQUESTED BY
AND MAIL TO

WHEN RECORDED MAIL TO
and
MAIL TAX STATEMENTS TO:

TRA PARTNERS LLC
360 GRAND AVE #347
OAKLAND, CA 94610



2010318951     11/01/2010 11:34 AM

OFFICIAL RECORDS OF ALAMEDA COUNTY
PATRICK O'CONNELL
RECORDING FEE:         21.00
COUNTY TAX:           212.30
CITY TAX:            2895.00

3      PGS

Trustee Sale No. 10-09236-6 .   Loan No. 89655256    Title Order No. 5802497

## TRUSTEE'S DEED UPON SALE

APN 028-0927-006

The undersigned grantor declares:
1) The Grantee herein <u>was not</u> the foreclosing beneficiary.
2) The amount of the unpaid debt together with costs was ...................$682,632.76
3) The amount paid by the grantee at the trustee sale was...................$193,000.00
4) The documentary transfer tax is.......................................................$ _212.30_
5) Said property is in the City of OAKLAND, Alameda County    City tax $2,895.00

Fidelity National Title Company (herein called Trustee), as the duly appointed Trustee under the Deed of Trust hereinafter described, does hereby grant and convey, but without covenant or warranty, express or implied, to TRA PARTNERS LLC (herein called Grantee), all of its right, title and interest in and to that certain property situated in the County of Alameda, State of California, described as follows:

See Property Description Attached Hereto    SEE Exhibit A

This conveyance is made pursuant to the powers conferred upon Trustee by that certain Deed of Trust dated March 24, 2006 and executed by LESLIE BARNES MARKS, AN UNMARRIED WOMAN, as Trustor, and recorded on March 30, 2006 as Instrument 2006122537 of official records of Alameda County, California, and after fulfillment of the conditions specified in said Deed of Trust authorizing this conveyance.

Default occurred as set forth in a Notice of Default and Election to Sell which was recorded in the Office of the Recorder of said County, and such default still existed at the time of sale.

All requirements of law regarding the mailing of copies of notices or the publication of a copy of the Notice of Default or the personal delivery of the copy of the Notice of Default and the posting and publication of copies of the Notice of a Sale have been complied with.

Trustee, in compliance with said Notice of Trustee's Sale and in exercise of its powers under said Deed of Trust, sold the herein described property at public auction on **October 20, 2010**. Grantee, being the highest bidder at said sale, became the purchaser of said property for the amount bid



EXHIBIT D 3

Case: 11-43140   Doc# 28   Filed: 04/28/11   Entered: 04/28/11 16:06:49   Page 16 of
24

being **$ 193,000.00** in lawful money of the United States, or by credit bid if the Grantee was the beneficiary of said Deed of Trust at the time of said Trustee's Sale.

Dated: October 20, 2010

**Fidelity National Title Company**

Marcy Axelrod, Authorized Signature

State of California          }ss.
County of Orange        }ss

On October 22, 2010, before me, Shena Marie La Rue, Notary Public, personally appeared MARCY AXELROD, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Shena Marie La Rue / # 1807664
My Commission Expires July 27, 2012

SHENA MARIE LA RUE
Commission # 1807664
Notary Public - California
Orange County
My Comm. Expires Jul 27, 2012

(Seal)

EXHIBIT D-
1



**PRIORITY** ™
POSTING AND PUBLISHING

TRUSTEE SALE (✓)

TRUSTOR PAYMENT ( )

## RECEIPT OF FUNDS AND INSTRUCTIONS

T.S. NO. 10-09036-6   PRIORITY NO. 727654   DATE 10-20-10

TRUSTEE  Fidelity National Title Company

ADDRESS  477 Devlin Rd. # 100

CITY  Napa   STATE CA  ZIP 94558

PHONE NO. Merizyl Jekins   CONTACT 949-620 5730

| CHECK NO. | NAME OF BANK | AMOUNT |
|---|---|---|
| 0010300868 | Wells Fargo Bank | $ 200,000.00 |
| | | $ |
| | | $ |
| | | $ |
| | | $ |
| | | $ |

**TOTAL OF ANY CASH RECEIVED** $ _____

SUCCESSFUL BID $ 193,000.00   TOTAL RECEIVED $ 200,000.00

TRANSFER TAX $ 0   AMOUNT REQUIRED $ 193,000.00

RECORDING FEES $ 0   REFUND AMOUNT $ 7,000.00

REFUND PAYABLE TO  TRA Partners LLC

RECEIVED BY  Ron Anchetza   BUYERS SIGNATURE _____

BUYERS NAME  Trevor Askew   DRIVERS LICENSE NO. B4346674

TITLE TO PROPERTY TO BE VESTED AS FOLLOWS  TRA Partners LLC

ADDRESS  360 Grand Ave # 347

CITY  Oakland   STATE CA  ZIP 94610

PHONE NO. 408-489-4968

EXHIBIT C

LAW OFFICE OF

# KEVIN S. EIKENBERRY

1470 MARIA LANE, SUITE 440
WALNUT CREEK, CALIFORNIA 94596
TELEPHONE 925•933•2161
FACSIMILE 925•933•2673

February 10, 2011

Leslie B. Marks
3099 Suter Street
Oakland, Cal. 94602

   Re: TRA Partners v. Marks
    Case # RG10545629

Dear Ms. Marks:

   I have received numerous documents from you over the past few days which, among other things, advise that you are not available to appear for the 2-25-2011 trial in the above action set for 8:45 a.m. in Dept. 1 of the Superior Court located at 1225 Fallon Street, Oakland, Cal. You have stated that you will be in Delaware on 2-23-2011 through 2-25-2011 in connection with the 2-24-2011 continued hearing in the Adversary Proceeding that you filed in the Delaware Bankruptcy Court.

   In the event that you are not yet aware of same, the Delaware Bankruptcy court hearing has again been continued. The 2-24-2011 hearing has been continued to 3-23-2011. I checked the court docket yesterday and discovered a new filing dated 2-8-2011 that advises of the continuance. Thus you will not need to travel to Delaware since there is no hearing set for 2-24-2011. You can appear at the trial in the eviction lawsuit on 2-25-2011. I will appear in court on that date with my client and will not agree to any continuance of the trial. A decision in the eviction lawsuit needs to be rendered so that you and my client can proceed beyond the current standoff that exists.

   Very truly yours,

Kevin S. Eikenberry

EXHIBIT F-1

# Leslie Barnes Marks

## 3099 Suter Street
## Oakland, CA 94602
### Tel: 510/434-9748  Cell: 510/393-3893  Fax: 866-814-8313

February 14, 2011

BY CERTIFIED MAIL RETURN RECEIPT REQUESTED
Receipt No.: 7009 2820 0002 4900 6542
Kevin Eikenberry, Esq.
1470 Marina Lane #440
Walnut Creek, CA 94596

Re:    *TRA v Marks ACSC Case No.RG10546852*
       *Marks v Askew and TRA Partners LLC, ACSC Case No: RG10546852*

Dear Mr. Eikenberry:

Last time I checked, you are not a judge. I am curious why you are notifying me of a change of the date for the Evidentiary Hearing and I did not get this notification from the attorneys at Hahn & Hesson, nor given the opportunity to object to any change. Furthermore, if such an order exists, why did you NOT download same and present it to the California court as evidence. To the best of my knowledge Judge Carey's order STANDS, I have paid for airfare and other travel related expenses, and had to make special arrangements for my disabled son. That said, should Judge Carey issue an order making such a change, you can collude with Hahn & Hesson to pay for any costs I am forced incur to that end. Please provide evidence you have that changes the orders of a Federal Bankruptcy Chief Justice.

Enclosed find courtesy copies of Objection to ANY Continuance; and the Motion to Compel discovery responses from your clients.

Again, your clients have the burden of proof that they PERFECTED title PRIOR to bringing the unlawful detainer action. While you are checking other cases to which you are NOT representing any party in those actions, I FAIL to see any evidence whatsoever that confirms your clients have PERFECTED title PRIOR TO BRINGING THE UNLAWFUL DETAINER ACTION. You and your clients continue to present matters at bar to which the court has NO subject matter jurisdiction over your clients failing to provide evidence of PERFECT title, and you LOST your motion for summary judgment – NOT based on my response, based on DEFECTS in YOUR motion. I will ask the court for costs of defending the frivolous action/motions brought by you and your clients, sanctions and any other relief the courts deem fair just and proper.

Very truly yours,

LESLIE MARKS

EXHIBIT F-2

# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re | : | CHAPTER 11 |
| | : | (Jointly Administered) |
| NEW CENTURY TRS HOLDINGS, INC,: | | |
| *et al.* | : | Case No. 07-10416 (KJC) |
| Debtors | : | |
| | : | |
| | : | |
| LESLIE MARKS, | : | Adv. Pro. No. 09-50244 (KJC) |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| NEW CENTURY TRS HOLDINGS, INC,: | | |
| *et al.* | : | Re: docket nos. 53, 56, 62 |
| Defendants | : | |

## ORDER

AND NOW, this 21st day of December, 2010, it appearing that Plaintiff Leslie Marks has filed the following motions in this adversary proceeding:

    (i)      the request of Leslie Marks for a stay of dismissal of this adversary proceeding (D.I. 53)(the "Request to Stay Dismissal"); and

    (ii)     the request of Leslie Marks for a Temporary Restraining Order (D.I. 56)(the "Request for TRO"); and

it further appearing that this adversary proceeding was closed on September 2, 2010, and

it further appearing that the plaintiff has requested an adjournment of the hearing scheduled for January 4, 2011; it is hereby

**ORDERED** as follows:

EXHIBIT F-3 G

1. The hearing scheduled for January 4, 2011 is rescheduled for **Thursday, February 24, 2011 at 10 a.m. (ET)** in Courtroom No. 5, United States Bankruptcy Court for the District of Delaware, Wilmington, DE 19801, at which time the Court will consider:

   (i) whether this adversary proceeding should be reopened,

   (ii) the Request to Stay Dismissal and the response thereto by the New Century Liquidating Trust (D.I. 54), and

   (iii) the Request for TRO and the response thereto by the New Century Liquidating Trust (D.I. 63).

2. At the February 24, 2011 hearing, the parties should be prepared to address whether the this Court has jurisdiction to consider a challenge to a state court foreclosure judgment and sheriff's sale based upon the Rooker-Feldman Doctrine (*See Edwards v. New Century Mortgage Corp. (In re New Century TRS Holdings, Inc.)*, 423 B.R. 467 (Bankr.D.Del. 2010). 

3. Any party who intends to present evidence or make extensive legal argument must appear **in person** at the February 24, 2011 hearing.

4. On or before **February 17, 2011**, the parties should exchange copies of all exhibits they will use and a list of all witnesses they will present at the February 24, 2011 hearing.

BY THE COURT:

KEVIN J. CAREY
UNITED STATES BANKRUPTCY JUDGE

cc:    Mark S. Indelicato, Esquire[1]

---

[1]Counsel shall serve a copy of this Order upon all interested parties and file a Certificate of Service with the Court.

EXHIBIT F-4



# HAHN&HESSEN LLP
## ATTORNEYS

Mark S. Indelicato
Managing Partner

Direct Dial: (212) 478-7320
*Email: mindelicato@hahnhessen.com*

February 14, 2011

<u>VIA FEDEX OVERNIGHT MAIL</u>

The Honorable Kevin J. Carey
United States Bankruptcy Court
District of Delaware
824 North Market Street, 5th Floor
Wilmington, DE 19801

Ms. Leslie Marks
3099 Suter Street
Oakland, California 94602

Mr. Kevin S. Eikenberry, Esq.
1470 Maria Lane, Suite 440
Walnut Creek, California 94596

Re: *In re New Century TRS Holdings, Inc. et al. (the "Debtors")*
Case No. 07-10416 (KJC); and
*Marks v. New Century TRS Holdings, Inc. et al.*
Adv. Proc. No. 09-50244 (KJC)

Dear The Honorable Kevin J. Carey, Ms. Marks and Mr. Eikenberry:

This firm represents Alan M. Jacobs, as Liquidating Trustee of the New Century Liquidating Trust appointed pursuant to the Second Amended Joint Chapter 11 Plan of Liquidation of the Debtors and the Official Committee of Unsecured Creditors Dated as of April 23, 2008, which became effective on August 1, 2008 and reaffirmed pursuant to the Modified Second Amended Joint Chapter 11 Plan of Liquidation Dated as of September 30, 2009, which became effective on December 1, 2009.

We are in receipt of the *Objection Continuation of Evidentiary Hearing to March 23, 2011. The Notice of Agenda of Matters Scheduled for Hearing on February 8, 2011 at 10:00 a.m.*, which was filed on February 4, 2011, states that the *Request for Stay of Dismissal and Status Conference Statement* (the "Request"), and *Leslie Marks' Ex Parte Application for Temporary Restraining Order and Preliminary Injunctions* (the "TRO") were being continued to

*488 Madison Avenue • New York, NY 10022 • (212) 478-7200
Fax (212) 478-7400 • Email: thefirm@hahnhessen.com*

Exhibit E-5



February 14, 2011
Page 2

the hearing scheduled for March 23, 2011. We write to advise you that the foregoing was an error. As per the Order entered by the Honorable Judge Carey's Order on or around December 22, 2010 both the Request and the TRO will be heard at the February 24, 2011 hearing.

Very truly yours,

Mark S. Indelicato