LESLIE MARKS
3099 SUTER STREET
OAKLAND, CA 94602

TEL: 510/434-9748
FAX: 866/813-8313



# IN THE UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: | ) CASE NO. 11-43140 |
| | ) |
| LESLIE PATRICE BARNES MARKS | ) CHAPTER 13 |
| | ) |
| Debtor. | ) **RELATED CASES:** |
| | ) USBC DELAWARE: 09-50244; 07-10416 |
| | ) 9TH CIR. COURT OF APPEAL: 10-16811; |
| | ) 10-16799 AND 10-17811 |
| | ) ACSC CASE NOS: RG10545629 AND |
| | ) RG10546852 |
| | ) |
| | ) NOTICE OF MOTION AND MOTION |
| | ) TO DETERMINE JUDGMENT TO |
| | ) ANNUL THE AUTOMATIC STAY AS |
| | ) A VOID JUDGMENT |

TO THE COURT, PLAINTIFFS TRENOR ASKEW, and TRA PARTNERS, LLC AND ALL INTERESTED PARTIES:

Plaintiff, Leslie Marks, hereinafter "Marks" hereby move this Court to deem the Order to Motion to Annul the Automatic Stay as VOID. This motion is based upon the documents on file, this Notice of Motion and Motion, the Memorandum of Points and Authorities and the Declaration of Leslie Marks in support as follows.

1. A judgment rendered in violation of due process is void in the rendering State and is not entitled to full faith and credit elsewhere. *Pennoyer v. Neff*, 95 U.S. 714, 732-733 (1878).

-1-

NOTICE OF MOTION AND MOTION TO ANNUL STAY AS VOID JUDGEMENT

*World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286 (1980). In this matter the court slammed Marks documents repeatedly against the bench and angrily the judge repeatedly and angrily stated that he would not hear the matters, denying Marks due process. Judge Jellen would not hear the violation of the Automatic Stay as alleged by Marks and was clearly biased against Marks. The Jellen court ignored *its own order* (Adversary Case No.: 11-4105 Docket #10) evidencing that the Automatic Stay was in and remained in effect until the May 5, 2011 hearing regarding the Motion to Annul Stay. This is in direct contradiction to the order granting the motion to Annul the Automatic Stay.

2. This Courts order regarding "Abstention" (Adversary Case No.: 11-4105 Docket #10) stated this court was not prepared to hear the underlying allegations properly brought by Marks, the Court should have extended the Automatic Stay until the conclusion of the State Court proceeding. Instead the Jellen Court slammed Marks documents on the podium several times and stated this was not the proper venue. Judge Jellen refused to hear anything Marks had to say. TRA claimed in their documents not even to be a creditor of Marks, and the Jellen court unfairly and with clear bias, granted their motion to annul the Automatic stay. Furthermore, the Court did not address Marks allegations of violations of the automatic stay, being predisposed to rule against Marks.

3. Consistent with Marks allegations of Fraud Upon the Court and Abuse of the Judicial process as is consistent with counsel for TRA Partners throughout these proceedings. The initial pleadings in this matter stated that Mr. Eikenberry was in association with Mr. Schloss, the final Order is prepared by Mr. Schloss. Marks was not served with any substation of counsel. The language in the proposed order is strenuously objected to and in clear violation and contradiction of orders previously made by this Court.

4. Furthermore, as TRA claimed they were NOT creditors in these matters and had not filed a proof of claim, this court had NO subject matter jurisdiction to grant the motion to Annul the Automatic Stay.

5. Docket No. 37 and 38 are this court's order's granting the Order to Annul the automatic stay. Docket No. 32 is my request for judicial notice and Docket No. 27 is my opposition to the Motion to Annul Stay. TRA's Motion to Annul Stay was clearly prejudicial as it sought to grant stay to ALL creditors, and TRA is NOT a creditor of Marks. Marks has been denied due process, this Court had no subject matter jurisdiction to hear the matter or do grant the motion to annul stay. Marks continues to suffer manifest injustice in these matters.

## MEMORANDUM OF POINTS AND AUTHORITIES

6. According to Black's Law Dictionary, a void judgment is one which has no legal force or effect, invalidity of which may be asserted by any person whose rights are affected at any time and at any place directly or collaterally. *Reynolds v. Volunteer State Life Ins. Co., Tex.Civ.App., 80 S.W.2d 1087, 1092.* One which from its inception is and forever continues to be absolutely null, without legal efficacy, ineffectual to bind parties or support a right, of no legal force and effect whatever, and incapable of confirmation, ratification, or enforcement in any manner or to any degree. Judgment is a "void judgment" if court that rendered judgment lacked jurisdiction of the subject matter, or of the parties, or acted in a manner inconsistent with due process. *Klugh v. U.S., D.C.S.C., 610 F.Supp. 892, 901.* Black's Law Dictionary, Sixth Edition, p. 1574. Marks alleges that she was not afforded due process, TRA Partners admitted in their pleadings they were NOT a creditor of Marks, this Court violated its own Orders and clearly denied Marks due process.

7. The verdict may be vacated and any other decision may be modified or vacated, in whole or in part, and a new or further trial granted on all or part of the issues, on the application of the party aggrieved, for any of the following causes, materially affecting the substantial rights of such party:

    1. Irregularity in the proceedings of the court, jury or adverse party, or any order of the court or abuse of discretion by which either party was prevented from having a fair trial.

2. Accident or surprise, which ordinary prudence could not have guarded against.

3. Newly discovered evidence, material for the party making the application, which he could not, with reasonable diligence, have discovered and produced at the trial.

4. Excessive or inadequate damages.

5. Insufficiency of the evidence to justify the verdict or other decision, or the verdict or other decision is against law.

6. Error in law, occurring at the trial and excepted to by the party making the application.

8. Marks alleges all the above violations occurred at the hearing for the Motion to Annul the Automatic Stay. As such, any determination of the unlawful detainer trial should be STAYED until the underlying allegations of FRAUD, as properly alleged by Marks, prior to the unlawful detainer trial, at the unlawful detainer trial and to the present day. Furthermore, this Court has no authority to make an award in excess of $25,000. This court's June 6, 2011 Order attempts to award possession of a property which has a clouded title, and actions at trial clearly violated Marks due process. Attached hereto as Exhibit C is a true and correct copy of Marks Motion for Mistrial which was denied and is currently under appeal.

9. Void judgments are those rendered by a court which lacked jurisdiction, either of the subject matter or the parties. See: *Wahl v. Round Valley Bank,* 38 Ariz. 411, 300 P.955 (1931); *Tube City Mining & Milling Co. v. Otterson,* 16 Ariz. 305, 146 P. 203 (1914); *Milliken v. Meyer,* 311 U.S. 457, 61 S.Ct. 339, 85 L.Ed. 2d 278 (1940). A void judgment which includes judgment entered by a court which lacks jurisdiction over the parties or the subject matter, or lacks inherent power to enter the particular judgment, or an order procured by fraud, can be attacked at any time, in any court, either directly or collaterally, provided that the party is properly before the court. See *Long v. Shorebank Development Corp.*, 182 F.3d 548 (C.A. 7 Ill. 1999).

10. Void judgment is one where court lacked personal or subject matter jurisdiction or entry of order violated due process, U.S.C.A. Const. Amend. *5-Triad Energy Corp. v. McNell*, 110 F.R.D. 382 (S.D.N.Y. 1986). Judgment is a void judgment if court that rendered judgment lacked jurisdiction of the subject matter, or of the parties, or acted in a manner inconsistent with due process, Fed Rules Civ. Proc., Rule 60(b)(4), 28 U.S.C.A.; U.S.C.A. Const Amend. 5. *Klugh v. U.S.*, 620 F.Supp. 892 (D.S.C. 1985).

11. A void judgment is one which, from its inception, is and forever continues to be absolutely null, without legal efficacy, ineffectual to bind the parties or to support a right, of no legal force and effect whatever, and incapable of enforcement in any manner or to any degree. *Loyd v. Director, Dept. of Public Safety*, 480 So.2d 577 (Ala.Civ.App. 1985). A judgment shown by evidence to be invalid for want of jurisdiction is a void judgment or at all events has all attributes of a void judgment, *City of Los Angeles v. Morgan*, 234 P.2d 319 (Cal.App. 2 Dist. 1951).

12. Void judgment which is subject to collateral attack, is simulated judgment devoid of any potency because of jurisdictional defects, *Ward. v. Terriere*, 386 P.2d 352 (Colo. 1963). A void judgment is a simulated judgment devoid of any potency because of jurisdictional defects only, in the court rendering it and defect of jurisdiction may relate to a party or parties, the subject matter, the cause of action, the question to be determined, or relief to be granted, *Davidson Chevrolet, Inc. v. City and County of Denver*, 330 P.2d 1116, certiorari denied 79 S.Ct. 609, 359 U.S. 926, 3 L.Ed. 2d 629 (Colo. 1958). Void judgment is one entered by court without jurisdiction of parties or subject matter or that lacks inherent power to make or enter particular order involved and such a judgment may be attacked at any time, either directly or collaterally, People v. Wade, 506 N.W.2d 954 (Ill. 1987).

13. Void judgment may be defined as one in which rendering court lacked subject matter jurisdiction, lacked personal jurisdiction, or acted in manner inconsistent with due process of law *Eckel v. MacNeal*, 628 N.E.2d 741 (Ill. App.Dist. 1993).

14. Void judgment is one entered by court without jurisdiction of parties or subject matter or that lacks inherent power to make or enter particular order involved; such judgment may be attacked at any time, either directly or collaterally *People v. Sales*, 551 N.E.2d 1359 (Ill.App. 2 Dist. 1990).

1. A court which lacks jurisdiction is without power to issue an in rem judgment. *Pennoyer v. Neff*, 95 U.S. 714, 24 L.Ed. 565 (1877) aff'd. *Burnham v. Superior Court of California*, County of Marin, 495 U.S. 604, 110 S.Ct. 2105 (1990) (The proposition that the judgment of a court lacking jurisdiction is void traces back to the English Year Books, see *Bowser v. Collins*, Y. B. Mich. 22 Edw. IV, f. 30, pl. 11, 145 Eng. Rep. 97 (Ex. Ch. 1482), and was made settled law by Lord Coke in Case of the Marshalsea, 10 Coke Rep. 68b, 77a, 77 Eng. Rep. 1027, 1041 (K. B. 1612); N.B. *Vallely v. Northern Fire & Marine Ins. Co.*, 254 U.S. 348, 353-354, 41 S.Ct. 116 (1920) (Courts are constituted by authority and they cannot go beyond the power delegated to them. If they act beyond that authority, and certainly in contravention of it, their judgments and orders are regarded as nullities. They are not voidable, but simply void, and this even prior to reversal. *Elliott v. Peirsol*, 1 Pet. 328, 340; *Old Wayne Life Ass'n v. McDonough*, 204 U.S. 8, 27 Sup. Ct. 236.); *Zenith Radio Corp. v. Matsushita Elec. Indus. Co., Ltd.*, 494 F.Supp. 1161 (D.C.Pa., 1980) (Subject matter jurisdiction can never be waived and can be raised at any time, even after trial.); *Babcock & Wilson v. Parsons Corp.*, 430 F.2d 531 (1970) (Subject matter jurisdiction cannot be waived by parties, conferred by consent, or ignored by court.); *Monaco v. Carey Canadian Mines, Ltd.*, 514 F.Supp. 357 (D.C., Pa., 1981) (Lack of subject matter jurisdiction is not waivable and can even be raised on appeal after judgment on the merits.); accord *United States v. Ames*, 1 W. & M. 76; *United States v. Bailey*, 9 Pet. 261; *United States v. Cornell*, 2 Mason, 91; *Osborn v. U. S. Bank*, 9 Wheat. 818; *Claflin v. Houseman*, 93 U.S. 130 (1876) (Where Congress has an exclusive right to legislate, the Federal courts have an exclusive power to adjudicate.); FRCP 12(h) (Subject matter jurisdiction may not be waived and courts may raise the issue sua sponte"); Fed.R.Civ.P. 12 (b)(2); ORCP 21 A(2) (lack of jurisdiction over the person); FRCP 12(h)(3) (Lack of subject matter jurisdiction is a defense that

-6-

is never waived.); 18 U.S.C. § 3231 (District courts); and that class of authority, infra: a Court does not automatically have jurisdiction of a matter. First, the jurisdiction of ANY Court must be invoked by the sufficiency of the pleadings, and second, the Court must have the authority to hear the matter. ***Once the Court secures jurisdiction, such jurisdiction can be lost by depriving a litigant of <u>due process</u> and any judgment and order issuing therefrom is VOID.*** Exhibit A attached hereto clearly shows that Judge Jellen is not interested in due process or fair adjucication of matters at bar. Marks continues to suffer manifest injustice in these matters.

## CONCLUSION

It is a sad day indeed when the judicial system so miserably and with clear malice FAILS the citizens of this great nation. Marks did not purchase a home she could not afford. Marks did not defraud anyone. Marks properly came to a court of law to seek nothing more than a FAIR adjudication of the issues she properly brought to bar in good faith. Marks continues to suffer manifest injustice in these matters.

June 13, 2011

_____
LESLIE MARKS

```
                                                                    1

1                    UNITED STATES BANKRUPTCY COURT

2                    NORTHERN DISTRICT OF CALIFORNIA

3                         (OAKLAND DIVISION)

4   In re:

5   FELIPE ZULUETA, JR.,              Case No. 10-42479 JG

6                                     Chapter 13

7                                     Oakland, California
                                      November 3, 2010
8                                     9:35 a.m.
              Debtors.
9   _____/

10
                      TRANSCRIPT OF PROCEEDINGS
11        EVIDENTIARY HEARING ON DEBTOR'S OBJECTION
                            TO CLAIM
12
          BEFORE THE HONORABLE EDWARD D. JELLEN
13              UNITED STATES BANKRUPTCY JUDGE

14

15  APPEARANCES:

16  The Debtor pro se:      FELIPE ZULUETA, JR.
                            399 Madera Street
17                          Brentwood, CA 94513

18

19  For Deutsche Bank:      McCARTHY & HOLTHIUS, LLP
                            BY: JOSEPH S. CHUN, ESQ.
20                          1770 Fourth Avenue
                            San Diego, California 92101
21

22

23

24

25
```

EXHIBIT A

```
 1  APPEARANCES (CONTINUED):
 2
 3  Court Recorder:         SARGON BADAL
                            UNITED STATES BANKRUPTCY COURT
 4                          1300 Clay Street
                            Oakland, California 94612
 5
 6
     Transcription Service: Jo McCall
 7                          Electronic Court
                            Recording/Transcribing
 8                          2868 E. Clifton Court
                            Gilbert, AZ 85295
 9                          Telephone: (480) 361-3790
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

```
                    P R O C E E D I N G S
```

1                  P R O C E E D I N G S
2  November 3, 2010                                9:35 a.m
3                      -oOo-
4         THE CLERK: All rise.  This is the United States
5  Bankruptcy Court for the Northern District of California,
6  The Honorable Edward Jellen presiding.
7         THE COURT: Please be seated.
8         MR. CHUN: Thank you, Your Honor.
9         MR. ZULUETA: Thank you, Your Honor.
10        THE COURT: This is the matter of <u>Zulueta.</u>  May I
11 have the appearances, please?
12        MR. ZULUETA: Felipe Zulueta, Jr., Your Honor,
13 Debtor.
14        THE COURT: Okay.
15        MR. CHUN: Joseph Chun representing the secured
16 creditor.
17        THE COURT: All right.  Mr. Zulueta, are you going
18 to be presenting any evidence to show they don't have
19 standing?
20        MR. ZULUETA: Actually, Your Honor, I was going to
21 address the exhibits that they're going to present today.
22        THE COURT: Yeah.  My question was, do you have
23 any evidence of your own --
24        MR. ZULUETA: No.
25        THE COURT:  -- that shows --

Case: 10-42479   Doc# 50   Filed: 11/09/10   Entered: 11/09/10 15:54:06   Page 3 of 12
Case: 11-43140   Doc# 39   Filed: 06/13/11   Entered: 06/14/11 12:52:30   Page 10 of 19

```
                                                              4
 1          MR. ZULUETA:  No.
 2          THE COURT:  All right.  Mr. Chun, according to
 3  your trial brief, you have exhibits; is that correct?
 4          MR. CHUN:  That's correct, Your Honor.
 5          MR. ZULUETA:  Your Honor?
 6          THE COURT:  Yes.
 7          MR. ZULUETA:  Can I make a point of clarification
 8  before we start?
 9          THE COURT:  Yes.
10          MR. ZULUETA:  I just wanted to clarify, Your
11  Honor, if counsel is representing One West Bank or Deutsche
12  Bank National Trust Company as trustee for the mortgage
13  loan trust.
14          MR. CHUN:  We're representing One West Bank, the
15  servicing agent -- who's the servicing agent for Deutsche.
16          MR. ZULUETA:  Okay.  So I just wanted to find out,
17  Your Honor, if One West Bank has the proper authorization
18  from Deutsche Bank to authorize them, because I don't see
19  any power of attorney presented.
20          THE COURT:  All right.  Well, you know, the bottom
21  line is you're not going to get a free house.
22          MR. ZULUETA:  I'm not asking for a free house,
23  Your Honor.  I just want to make sure that the proper
24  paperwork is in place so I can pay the right creditor.
25          THE COURT:  All right.  Mr. Chun, what evidence do
```

1  you have?
2          MR. CHUN: Your Honor, in addition to the copies
3  that were -- do you want me to go over the copies of the
4  exhibits? I also have some originals with me that --
5          THE COURT: All right. Just show me what exhibits
6  you have. Just go through them briefly.
7          MR. CHUN: Sure. Okay. So A is a copy of the
8  adjustable rate note that was signed by the Debtor.
9          THE COURT: All right.
10         MR. CHUN: B is a copy of the deed of trust. I
11 guess the pdf version printed out a little bit strange, but
12 if we need to look at this better, I have the original with
13 me as well. C is a copy of a servicing and pooling
14 agreement.
15         THE COURT: This is the one that indicates that
16 Indy Mac can service the loan for Deutsche Bank; is that
17 correct?
18         MR. CHUN: That's correct, Your Honor.
19         THE COURT: All right.
20         MR. CHUN: And that's on Section 3.01.
21         THE COURT: All right.
22         MR. CHUN: And then Exhibit D is an assignment of
23 deed of trust. This is where the deed of trust was
24 assigned from Indy Mac to Deutsche.
25         THE COURT: All right.

```
 1        MR. CHUN:  And E is a letter that was sent to
 2   Debtor just indicating --
 3        THE COURT:  I should clarify, the assignment of
 4   deed of trust also refers to the fact that the note,
 5   underlying note, is being assigned as well.
 6        MR. CHUN:  Okay.  Yeah, that's correct, Your
 7   Honor.
 8        THE COURT:  All right.
 9        MR. CHUN:  And Exhibit E is a letter that was sent
10   to Debtor that just advised him about the relationship
11   between Indy Mac and One West and how One West was going to
12   service the loan in the place of Indy Mac.
13        THE COURT:  All right.
14        MR. CHUN:  And then Exhibit F is the objection to
15   the Proof of Claim that was filed by the Debtor on May 5$^{th}$.
16        THE COURT:  All right.
17        MR. CHUN:  And finally, Exhibit G is a declaration
18   that was submitted with our original response to the
19   objection to the Proof of Claim.
20        THE COURT:  All right.
21        MR. CHUN:  And in that declaration, they do talk
22   about One West's relationship with Deutsche as a servicer,
23   in paragraph 4.
24        THE COURT:  All right.  Do you dispute that these
25   are the documents that exist?
```

1        MR. ZULUETA: Yes, Your Honor, I do.  In fact --
2        THE COURT: All right.  Do you have any evidence
3   to show?
4        MR. ZULUETA: Yes, Your Honor.  If I may start
5   with Exhibit D, Your Honor, which is the assignment of deed
6   of trust.
7        THE COURT: Yes.
8        MR. ZULUETA: Okay.  So if you look on the
9   document itself, Your Honor, on the upper right-hand corner
10  of the document, it states:
11           "This is to certify that this is a full and true
12            and correct copy of the original recorded in the
13            Office of the County Recorder."
14  And it's signed by a Lorden Wallace (Phoentic) of Fidelity
15  National Default Solutions.  So my question, Your Honor,
16  is, how is it possible for somebody from Fidelity National
17  Default Solutions to certify a recorded document when
18  they're not a public employee of the Contra Costa County
19  Recorder.  So there's no way that they can certify --
20       THE COURT: What difference does it make?
21       MR. ZULUETA: Well, the difference, Your Honor,
22  is, I actually pulled a certified copy from the County
23  Recorder, and the document is different from what this
24  document shows.  I have a certified copy right now.
25       THE COURT: What's different?

```
 1                MR. ZULUETA: If I may show the Court, Your Honor?
 2                THE COURT: Well, just tell me what's different.
 3                MR. ZULUETA: Okay.  So the first thing I want to
 4   point out to Your Honor, is, number one, on the bottom of
 5   the page of the recorded document, there's a handwritten
 6   scribble on the bottom after the signature of the notary
 7   that says, a notary on the basis within capacity under --
 8   which means that this is not a true and correct copy.
 9                THE COURT: What difference does it make?
10                MR. ZULUETA: Well, it does make a difference,
11   Your Honor, because I'm trying to establish a pattern here
12   of the fact that this document appears fraudulent.
13                THE COURT: Do you have any evidence that it's
14   fraudulent?  I mean whether it's recorded or not doesn't
15   make any difference.
16                MR. ZULUETA: Well, it does, Your Honor, because
17   of all the exhibits that counsel is presenting today, there
18   is a system of how my loan is supposedly deposited into the
19   trust, and since they're representing the trust, I want to
20   make sure that they're the proper creditor for my loan.
21                THE COURT: All right.  Who do you think is the
22   proper creditor?
23                MR. ZULUETA: Right now, Your Honor, it's a
24   mystery.  I mean after my research --
25                THE COURT: All right.  But you don't get a free
```

                                                                          9

 1  house though.  You have to --
 2          MR. ZULUETA:  I understand.  In fact, Your
 3  Honor --
 4          THE COURT:  I'm not understanding this.  Do you
 5  have original documents?
 6          MR. CHUN:  Yes, Your Honor.  If it helps to resolve
 7  this issue, I do have the original -- what appears to be the
 8  original assignment of deed of trust, and it has the
 9  notation that was mentioned by the Debtor, "a notary on the
10  basis with capacity under..."
11          THE COURT:  All right.  Do you want to show it
12  to --
13          MR. CHUN:  Sure.
14          MR. ZULUETA:  Your Honor, I just wanted to clarify,
15  my purpose is not to get a free house.  I just want to make
16  sure I'm paying the real party in interest, Your Honor.
17          THE COURT:  All right.  Well, so far I haven't seen
18  any --
19          MR. CHUN:  That's consistent with -- I mean we
20  tried -- made many attempts to resolve this per the Judge's
21  order, the Court's order, and I think ultimately we were not
22  able to do so because the Debtor expressed -- he just
23  wanted --
24          THE COURT:  All right.  So they've got a deed of
25  trust.  So what else do you want?

Case: 10-42479   Doc# 50   Filed: 11/09/10   Entered: 11/09/10 15:54:06   Page 9 of 12
Case: 11-43140   Doc# 39   Filed: 06/13/11   Entered: 06/14/11 12:52:30   Page 16 of 19

```
 1        MR. ZULUETA:  Okay.  So the next point I want to
 2   make, Your Honor, is the fact that in order to establish --
 3        THE COURT:  Give this back to him.
 4        MR. ZULUETA:  May I proceed, Your Honor?
 5        THE COURT:  Yeah, get to the point quickly though.
 6        MR. ZULUETA:  Okay.  I want to establish, Your
 7   Honor, that my loan was actually transferred and delivered
 8   to Deutsche Bank National Trust Company, as trustee.
 9        THE COURT:  There's an assignment of deed of trust
10   that --
11        MR. ZULUETA:  Well, Your Honor, the deed of trust
12   doesn't control the note.  The note itself --
13        THE COURT:  It does.  It says the note is assigned.
14   He's got the note.
15        MR. ZULUETA:  Correct, Your Honor, but I'd like to
16   point out that MERS, which is the assigning party of the
17   deed of trust, is actually not a holder of the note.
18        THE COURT:  Okay.  I've heard all this.  Do you
19   have any evidence to show that they're not the holder of the
20   note.  They've got the deed of trust; they've got the
21   documents.  So --
22        MR. ZULUETA:  Your Honor, the deed of trust is not
23   evidence of the obligation though.
24        THE COURT:  Okay.  All right.  The claim objection
25   is overruled.  Would you submit an order, please.
```

1        MR. CHUN: Yes, Your Honor. Thank you.
2        THE COURT: Thank you both.
3    (Whereupon, the proceedings are concluded at 9:43 a.m.)

CERTIFICATE OF TRANSCRIBER

I certify that the foregoing is a correct transcript from the digital sound recording of the proceedings in the above-entitled matter.

DATED: November 9, 2010

By: /s/ Jo McCall